1

2

3

4

5

6

7                        UNITED STATES DISTRICT COURT

8                   FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10   ROBBIE GOODBAR,                      | Case No.  2:22-cv-00006-JDP (PC)

11                Plaintiff,              | ORDER THAT:

12        v.                             | (1) PLAINTIFF'S APPLICATION TO
                                          PROCEED *IN FORMA PAUPERIS* BE
13   PHILLIP SEIPPEL, *et al.*,           | GRANTED

14                Defendants.            | (2) THE CLERK OF COURT ASSIGN A
                                          DISTRICT JUDGE TO THIS ACTION
15
                                         ECF No. 5
16
                                         FINDINGS AND RECOMMENDATIONS
17                                        THAT PLAINTIFF'S COMPLAINT BE
                                          DISMISSED WITHOUT LEAVE TO
18                                        AMEND FOR FAILURE TO STATE A
                                          CLAIM
19
                                         ECF No. 1
20
                                          FOURTEEN-DAY DEADLINE
21

22           Plaintiff Robbie Goodbar is a state prisoner proceeding without counsel in this civil rights

23   action brought under 42 U.S.C. § 1983.  He alleges that he has been harmed by microwave

24   radiation emanating from a military operation being conducted on the prison's second floor.  ECF

25   No. 1 at 3.  This claim, for the reasons stated below, cannot proceed, and I recommend that the

26   complaint be dismissed for failure to state a viable claim.  I will also grant plaintiff's application

27   to proceed *in forma pauperis*.  ECF No. 5.

28

                                          1

1

**Screening Order**

2

**I.      Screening and Pleading Requirements**

3        A federal court must screen a prisoner's complaint that seeks relief against a governmental

4   entity, officer, or employee.  *See* 28 U.S.C. § 1915A(a).  The court must identify any cognizable

5   claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a

6   claim upon which relief may be granted, or seeks monetary relief from a defendant who is

7   immune from such relief.  *See* 28 U.S.C. §§ 1915A(b)(1), (2).

8        A complaint must contain a short and plain statement that plaintiff is entitled to relief,

9   Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its

10   face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard does not

11   require detailed allegations, but legal conclusions do not suffice.  *See Ashcroft v. Iqbal*, 556 U.S.

12   662, 678 (2009).  If the allegations "do not permit the court to infer more than the mere

13   possibility of misconduct," the complaint states no claim.  *Id.* at 679.  The complaint need not

14   identify "a precise legal theory."  *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024,

15   1038 (9th Cir. 2016).  Instead, what plaintiff must state is a "claim"—a set of "allegations that

16   give rise to an enforceable right to relief."  *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264

17   n.2 (9th Cir. 2006) (en banc) (citations omitted).

18        The court must construe a pro se litigant's complaint liberally.  *See Haines v. Kerner*, 404

19   U.S. 519, 520 (1972) (per curiam).  The court may dismiss a pro se litigant's complaint "if it

20   appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which

21   would entitle him to relief."  *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).

22   However, "'a liberal interpretation of a civil rights complaint may not supply essential elements

23   of the claim that were not initially pled.'"  *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251,

24   1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

25

26

27

28

2

1

## II.     Analysis

2          Plaintiff alleges that a military operation is occurring on the prison's second floor and that

3     a "crowd control weapon/radiation gun" has been used to torture him.  ECF No. 1 at 3.  He also

4     claims that defendant Seippel is both a CIA analyst and the father of the victim of the crime of

5     which plaintiff was convicted.  *Id.*  Although it is difficult to tell, plaintiff appears to allege that

6     Seippel is responsible for the radiation torture.  These allegations are frivolous and must be

7     dismissed.  *See Denton v. Hernandez*, 504 U.S. 25, 33 (1992) ("[A] finding of factual

8     frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly

9     incredible, whether or not there are judicially noticeable facts available to contradict them.").  In

10    making this finding, I do not imply that plaintiff is dishonest.  He may well believe his claims.

11    That sincerity, however, is not enough to save his case.

12         Leave to amend is unwarranted.  This action could only proceed if plaintiff changed the

13    fundamental nature of his claims.

14         It is ORDERED that:

15         1.      Plaintiff's application to proceed *in forma pauperis*, ECF No. 5, is GRANTED.

16         2.      The Clerk of Court is directed to assign a district judge to this action.

17         Further, I RECOMMEND that Plaintiff's complaint, ECF No. 1, be dismissed with

18    prejudice and without leave to amend for failure to state a claim.

19         These recommendations will be submitted to the U.S. district judge presiding over the

20    case under 28 U.S.C. § 636(b)(1)(B) and Local Rule 304.  Within fourteen days of the service of

21    these findings and recommendations, plaintiff may file written objections with the court.  That

22    document must be captioned "Objections to Magistrate Judge's Findings and Recommendations."

23    The presiding district judge will then review the findings and recommendations under 28 U.S.C.

24    § 636(b)(1)(C).

25

26    IT IS SO ORDERED.

27

28    Dated:  ___July 7, 2022___                    _____
                                                    JEREMY D. PETERSON

3

UNITED STATES MAGISTRATE JUDGE