UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBBIE GOODBAR,<br><br>    Plaintiff,<br><br>v.<br><br>PHILLIP SEIPPEL, *et al.*,<br><br>    Defendant. | Case No. 2:22-cv-00006-WBS-JDP (PC)<br><br>FINDINGS AND RECOMMENDATIONS THAT PLAINTIFF'S FIRST AMENDED COMPLAINT BE DISMISSED WITHOUT LEAVE TO AMEND FOR FAILURE TO STATE A CLAIM<br><br>ECF No. 21<br><br>FOURTEEN-DAY DEADLINE |

     Plaintiff Robbie Goodbar proceeds without counsel in this civil rights action brought under 42 U.S.C. § 1983. I previously recommended that his complaint be dismissed without leave to amend after finding that the allegations in his original complaint were frivolous. ECF No. 14. I vacated those recommendations on November 29, 2022, finding that the deadline had not quite run for plaintiff to file an amended complaint pursuant to my earlier order, ECF No. 11. ECF No. 20. Plaintiff has now filed an amended complaint, ECF No. 21, that once again contains only frivolous claims. Accordingly, I recommend that it be dismissed without leave to amend.

**Screening Order**

**I.    Screening and Pleading Requirements**

A federal court must screen a pro se litigant's complaint. *See* 28 U.S.C. § 1915(e)(2). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(b).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**II.   Analysis**

As before, plaintiff alleges that while housed at the California Health Care Facility from November 2021 to June 2022 he was hit with radiation from a riot gun. ECF No. 21 at 4. He also claims that defendant Phillip Seippel, a CIA analyst and the father of his attempted murder victim, was responsible for using the radiation gun against him. *Id.* at 4, 6. Plaintiff alleges that

1  defendants Delgado, a correctional officer, failed to prevent Seippel from torturing plaintiff with
2  radiation.  *Id.* at 6.  These allegations are, as I found in my previous findings and
3  recommendations, frivolous.  *See Denton v. Hernandez*, 504 U.S. 25, 33 (1992) ("[A] finding of
4  factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the
5  wholly incredible, whether or not there are judicially noticeable facts available to contradict
6  them.").  This action should be dismissed without leave to amend.
7      I RECOMMEND that plaintiff's amended complaint, ECF No. 21, be dismissed
8  without leave to amend for failure to state a claim.
9      These recommendations will be submitted to the U.S. district judge presiding over the
10 case under 28 U.S.C. § 636(b)(1)(B) and Local Rule 304.  Within fourteen days of the service of
11 these findings and recommendations, plaintiff may file written objections with the court.  That
12 document must be captioned "Objections to Magistrate Judge's Findings and Recommendations."
13 The presiding district judge will then review the findings and recommendations under 28 U.S.C.
14 § 636(b)(1)(C).

IT IS SO ORDERED.

Dated:     February 22, 2023

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

3